STEVENS. vs. THE STATE OF GEORGIA.

1. Evidence sufficient to identify the deceased hog, some of whose remains were buried in prisoner's garden, as the hog described in the indictment, and to prove it stolen.
2. Testimony that the owner hunted for the hog as stolen property was, under the circumstances, admissible.

February 1, 1887.

Criminal Law. Evidence. Before Judge JOHN T. CLARKE. Early Superior Court. April Term, 1886.

Alex. Stevens was indicted for the larceny of a black sow-hog, the property of D. P. Rowland. On the trial, the evidence for the State was, in brief, as follows: The hog was a pet, and was in the habit of going up to the house and did not run away. It was missed from the owner's lot on Sunday, and he suspected the defendant, who lived about three hundred yards away. In company with two others, he went to the defendant's house, looking for his hog as a stolen hog. He asked the defendant to permit him to search the house, but the latter declined, saying he would not permit his house to be searched for foolishness. The owner went to town to obtain a search warrant. After he was gone, the defendant said he, too, was going to town to see if the owner had a right to a warrant. He did not return. On searching the premises,

some hog bones were found in the house; hog hair and entrails were found buried in one hole in the garden and fresh meat in another. The meat corresponded in size and the hair in color with those of the missing hog. The defendant was found and arrested several years afterwards at a point more than fifty miles away.

The defendant introduced no evidence. The jury found him guilty. He moved for a new trial on the ground that the verdict was contrary to law, evidence and the charge of the court; and because the court permitted a witness for the State to testify that the owner was hunting for the hog as a stolen hog, over objection of defendant.

The motion was overruled, and he excepted.

R. H. POWELL, by brief, for plaintiff in error.

J. H. GUERRY, solicitor-general, by J. H. LUMPKIN, for the State.

BLECKLEY, Chief Justice.

1. In the house hog bones, in the garden hog hair, hog entrails, hog meat, buried in the earth, refusal of the occupant of the premises to permit a search without legal warrant, his abrupt departure from home whilst the warrant was being procured, his flight or retreat to a point more than fifty miles distant, and his continuous absence until arrested and brought back for trial, are strongly suggestive of a suspicious intercourse on his part with some hog or other. The jury were of opinion that it was the hog described in the indictment; and as he was a near neighbor to that hog, and as it disappeared about that time and its owner went in search of it as a stolen hog, and as the hair and the meat found buried in the garden looked like the hair and meat of that hog, it is highly probable that the jury were not mistaken.

2. Complaint is made that a witness was allowed to testify that the owner was hunting for the animal " as a stolen

hog." And so he was, undoubtedly. He would not want to look in a dwelling-house, or under the ground in a garden, for a strayed hog; and such were the places searched. How the witness ascertained that the owner regarded it as stolen, whether from acts alone, or from declarations and acts together, does not appear; but if the prisoner or his counsel had wanted to learn this, the witness ought to have been interrogated on the sources of his knowledge. He testified as if he knew the fact somehow, and if he knew it, he could state it as explanatory of the mode and purpose of the search. He was present at the search and assisted in conducting it on the owner's behalf. Moreover, the prisoner himself was present, face to face with the owner, when the investigation began, and when steps were taken to enter upon the search with due legal authority. He could have had no doubt that the owner was looking for stolen property. Any man who inters his pork may expect the late departed hog to be hunted for as stolen, if it is hunted for at all, on his premises.

Judgment affirmed.