### 55321. MILLER v. THE STATE.

SMITH, Judge.
Miller appeals alleging that the evidence was insufficient to support his conviction of burglary, that the trial court erred in denying his motion for continuance, that the court erred in denying his motions for mistrial, and that the court erred in admitting into evidence a co-indictee's statement. We affirm.
During the morning of June 2, 1976, David Grogan broke into a shed located on Phillip Grogan's property and stole a 750 Honda motorcycle stored therein. Appellant had transported David Grogan to the scene of the crime and remained there for awhile before departing. David testified that he had not received permission to break into the shed and that he stole the motorcycle himself and then, later, after hiding the motorcycle at "this place in the woods," he "got back with" appellant. State's witness

Bryant testified that, during the early afternoon of June 2, he saw appellant, who was wearing an orange helmet, riding a 750 Honda which looked exactly like the stolen bike. Another state's witness stated that he was with Bryant during the afternoon of June 2 and that he also saw a person wearing an orange helmet riding a 750 Honda which looked "just like" the stolen one. Also, state's witness Harris testified that on June 3 he saw appellant and asked him where his (Harris') motorcycle was, that appellant "fled" in his car, and that Harris followed him. Appellant inadvertently led Harris to a rural area and stopped his car about one hundred yards away from an abandoned barn; appellant began to step out of his car but, on seeing Harris approaching from behind, reentered the car and "fled again." Harris stated that he pulled up to the spot where appellant had stopped his car, that he noticed in the dirt two sets of motorcycle tracks, one set similar to those of his motorcycle, and that he followed those tracks into "the woods behind the barn," where he found his motorcycle and the 750 Honda which had been stolen from David Grogan's shed the day before.

1. The evidence was sufficient to support the conviction of appellant as a party to burglary. Code §§ 26-801 (b) (3) and 26-1601. Contrary to appellant's contention that there was no evidence establishing lack of authority, there was direct evidence that Phillip Grogan lacked authority to break into the shed. Furthermore, whether the state's witnesses were correct in their assessments that, on June 2, appellant was riding the stolen motorcycle and whether an inference of guilt should be drawn therefrom were matters properly left for jury consideration. *Rutland v. State,* 90 Ga. 102 (15 SE 813) (1892); *Evans v. State,* 138 Ga. App. 460 (226 SE2d 303) (1976).

2. Two days before the trial began, the assistant district attorney advised appellant that another witness would be added to the list of state's witnesses furnished to appellant; then, the day before trial, the assistant district attorney advised appellant of the addition of two more witnesses. On the day trial began, appellant moved for a continuance, which the court denied. The assistant district attorney stated to the court that the witnesses

were newly discovered, that he had called appellant's counsel as soon as the witnesses were discovered and that he had told counsel as soon as the witnesses were discovered and that he had told counsel about the general nature of the testimony, expected from those witnesses. Counsel for appellant stated he had had an opportunity to interview the three witnesses, one of whom refused to talk. The court offered to allow appellant's counsel time for further interview, but counsel declined. Under these circumstances, we find no abuse of discretion in the court's refusal to continue the case. *Neal v. State,* 119 Ga. App. 218 (166 SE2d 740) (1969).

3. Witness Harris' testimony, that he questioned appellant as to the whereabouts of his "lost" motorcycle and then followed appellant to the location where both his motorcycle and the 750 Honda were found, was admissible, as it connected appellant to the crime charged. "[T]he relevance of this testimony clearly outweighed any prejudice it may have caused." *Parker v. State,* 145 Ga. App. 205 (1978). "Where evidence is admissible as showing motive or to connect the accused with the crime charged, the mere fact that it may tend incidentally to put the character of the accused in issue does not render it inadmissible." *Brown v. State,* 140 Ga. App. 160, 162 (230 SE2d 128) (1976).

The court sustained an objection to a question the assistant district attorney asked of Phillip Grogan, which question made reference to "stolen motorcycles." (Emphasis supplied.) The witness never answered the question, and the court instructed the jury to disregard the question.

We find no abuse of discretion in the court's refusal to grant appellant's motions for mistrial alleging his character had erroneously and prejudicially been placed into issue.

4. On sustaining appellant's objection to the assistant district attorney's attempt to impeach his own witness, the court commented, "[t]here is a simple procedure if you wanted to cross examine." The assistant district attorney then pled surprise, and the court allowed him to proceed, explaining, "that's exactly what you need to say, and I didn't think you were ever going to say it." We

do not believe that the court's elucidating its ruling constituted an improper expression of opinion as to what had or had not been proved. *Chapman v. State,* 23 Ga. App. 359 (98 SE 243) (1918). Consequently, the court did not err in overruling appellant's motion for mistrial.

5. Philip Grogan, in testifying as to what he had earlier told police, said he had told them that he alone "took the motorcycle" and that appellant had only taken him "over to the place where the motorcycle was." Assuming arguendo that this constituted the erroneous admission of a co-conspirator's confession (Code § 38-414), we find no harmful error, as Grogan's testimony was merely cumulative and essentially exculpatory of appellant. Also, appellant did not request a charge limiting that testimony to impeachment purposes, and the court's failure so to charge is not reversible error. *Long v. State,* 127 Ga. 350(4) (56 SE 444) (1906); *Proctor v. State,* 235 Ga. 720, 725 (221 SE2d 556) (1975).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED FEBRUARY 2, 1978 — DECIDED APRIL 11, 1978.

W. Allan Myers, for appellant.
*Jeff C. Wayne, District Attorney, James H. Whitmer, Assistant District Attorney,* for appellee.

