### 56840, 56841. HERRINGTON v. THE STATE
(two cases).

Shulman, Judge.

Following separate trials, Lester Herrington and Bobby Lee Herrington were each convicted of theft of a

number of hogs in violation of Code Ann. § 26-1802. Because the judgments are not subject to reversal for any of the reasons assigned, we affirm.

1. Appellant Bobby Lee Herrington asserts that the trial court erred in denying his motion for directed verdict, such motion being predicated on the alleged failure to prove the identity and ownership of the hogs. We disagree.

The hogs in question were recovered from a packing house livestock pen. A consultant to the farm from which the hogs were taken positively identified the recovered hogs as those taken from the farm. This testimony was based on a number of factors: the recovered hogs were of about the same size and weight as those taken; the hogs were bobtailed, of mixed breed, and evidenced a particular hog disease. This testimony satisfied identification requirements. *Stevens v. State,* 77 Ga. 310 (1) (2 SE 684); *Holmes v. State,* 20 Ga. App. 181 (92 SE 963). That the consultant testified that the hogs taken from the farm did not have ear tags, and another witness testified that the hogs which were recovered at the packing pen had ear tags, did not render the consultant's identification testimony so lacking in credibility as to be without probative value. See generally *City of Atlanta v. Whitten,* 144 Ga. App. 224 (2) (240 SE2d 771).

2. Following a Jackson-Denno hearing (378 U. S. 368), a statement attributed to appellant-Lester Herrington which acknowledged his participation in hog stealing was admitted. This appellant urges that the trial court erred in permitting the introduction of the statement in evidence.

A. This appellant's contention that the trial court ruled the statement inadmissible on his prior motion is not supported by the record. The record shows that the court overruled appellant's motion to exclude the statement and reversed further rulings as to admissibility until such time as the statement was offered as evidence. Cf. *Johnson v. Cook,* 123 Ga. App. 302 (2) (180 SE2d 591), where counsel incorrectly interpreted the trial court's action as a ruling of inadmissibility. This being so, we need not address appellant's argument that the trial

court's holding that his statements were inadmissible precluded the court from later holding the statements admissible.

B. Contrary to this appellant's contentions, the statements need not have risen to the level of a confession in order to be admissible. The trial court, after conducting a Jackson-Denno hearing, was authorized to admit the statement into evidence even though this 22-year-old defendant had a fourth grade education and could not read. *Goodwin v. State,* 236 Ga. 339 (1) (223 SE2d 703); *Harrington v. State,* 139 Ga. App. 428 (228 SE2d 591).

3. Appellant-Lester Herrington's motion for directed verdict on the basis that he was never identified as a participant in the offense is predicated on the exclusion of his statement acknowledging participation. Because we have held that this statement was properly admitted, this enumeration complaining of the denying of this appellant's motion for directed verdict must fail.

4. Both defendants urge that the judgments must be reversed on the general grounds. This we refuse to do.

Sufficient evidence was presented to authorize a finding that 28 hogs had been stolen from the Five M Hog Farm; that these same hogs were recovered at a packing house the morning following the theft; that a U-Haul truck having a flat right rear tire was found at the packing house (the truck was equipped with dual tires); that a truck with a flat rear tire had left the Five M Hog Farm; that in the early morning hours following the theft, appellant-Bobby Herrington was stopped for a traffic violation while he was driving a U-Haul truck loaded with hogs; that another person was with Bobby Herrington; that Lester Herrington acknowledged participating in the removal of the hogs; and that the defendants were seen near the truck at the packing house on the morning following the theft. This evidence authorized the verdict. *Huncke v. State,* 137 Ga. App. 299 (223 SE2d 492); *Doyle v. State,* 144 Ga. App. 827 (5) (243 SE2d 92).

*Judgments affirmed. Quillian, P. J., and Birdsong,*

*J., concur.*

SUBMITTED OCTOBER 30, 1978 — DECIDED
FEBRUARY 22, 1979.

*Short & Fowler, Larkin M. Fowler, Jr., William C. McCalley,* for appellants.
*H. Lamar Cole, District Attorney,* for appellee.