## 58647. KIMBRO v. THE STATE.

CARLEY, Judge.

From a burglary conviction, appellant brings this appeal. The sole enumeration of error is the trial court's denial of appellant's motion for directed verdict of acquittal. It is urged that the state's evidence is insufficient as a matter of law to support the conviction.

The state presented two witnesses who testified that on the night in question they heard the sound of breaking glass and left their home to investigate. An individual was observed to enter a laundromat through a broken glass door. The individual, after gaining entry, then attempted to break into a juke box. One of the witnesses then left to call the police. As the police car approached, the

individual in the laundromat began to flee across the street, holding a tire tool and he was then recognized as one Lonnie Lamar Rogers. At that point, another individual, identified as appellant, was noticed to be waiting across the street from the laundromat in a gas station parking lot. Rogers and appellant were then observed to flee together and hide in some nearby furniture crates.

Upon the arrival of the police, the witnesses pointed out where the two men had hidden themselves. Rogers and appellant were discovered inside a box which also contained a tire tool and a pair of gloves. Footprints inside the laundromat matched those of Rogers.

While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, " 'presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.' " *Jones v. State,* 242 Ga. 893 (252 SE2d 394) (1979). In the instant case, there was evidence that Rogers, the individual identified as having actually committed the act of burglary, and appellant had been seen together on prior occasions. Indeed, one witness thought they had the same last name and were brothers. On the night of the burglary, appellant was observed in a position which authorized the inference that he was standing as a lookout while Rogers entered the laundromat. *Simmons v. State,* 129 Ga. App. 107 (198 SE2d 718) (1973). After Rogers left the burgled premises, appellant fled the scene with him. *Woodruff v. State,* 233 Ga. 840 (213 SE2d 689) (1975); *Johnson v. State,* 148 Ga. App. 702 (252 SE2d 205) (1979). When discovered, appellant was apparently attempting to avoid detection, having fled with Rogers from the scene of the crime. *Terry v. State,* 130 Ga. App. 655 (204 SE2d 372) (1974). The evidence, though circumstantial, authorized the verdict. *Miller v. State,* 145 Ga. App. 653 (244 SE2d 608) (1978). See generally, *Huncke v. State,* 137 Ga. App. 299 (223 SE2d 492) (1976); *Herrington v. State,* 149 Ga. App. 130 (253 SE2d 810) (1979). After a review of the entire record, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v.

Virginia, — U. S. — (99 SC 2781, 61 LE2d 560) (1979). The motion for directed verdict of acquittal was properly denied. *Merino v. State,* 230 Ga. 604 (198 SE2d 311) (1973); *Bethay v. State,* 235 Ga. 371 (219 SE2d 743) (1975).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED OCTOBER 2, 1979 — DECIDED JANUARY 8, 1980.

*J. H. Affleck, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.