## 59640. GRIFFETH v. THE STATE.

Deen, Chief Judge.

The defendant was indicted in two counts for armed robbery of a Munford money order machine from one Majik Market and of seven blank money order forms fitting such machine from a different Majik Market on a different date. He was acquitted on the first count and convicted on the second, from which this appeal is filed.

1. Code Ann. § 59-806 lists the general questions to be asked of prospective jurors on felony voir dire: whether they have formed any opinion of the guilt of the defendant, or have any prejudice against him, and whether the juror's mind is perfectly impartial between the state and the accused. Additionally, under Code § 59-705 challenges for favor may be made on individual examination after the voir dire after examination "touching any matter or thing which would illustrate any interest of the juror in the cause, including any opinion as to which party ought to prevail, the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning or bias which the juror might have respecting the subject-matter of the suit, or counsel or parties thereto, and religious, social and fraternal connections of the juror." "To disqualify a juror in a criminal case, he must have formed and expressed an opinion, either from witnessing the crime or having heard sworn testimony concerning it. One who from some other sources had formed and expressed an opinion which is not fixed and determined and who indicates his competency by answering the statutory questions on voir dire is not an incompetent juror." *Smith v. State*, 148 Ga. App. 1 (251 SE2d 13) (1978). "[T]he trial court has a discretion to limit the examination to questions dealing directly with the specific case and to prohibit general questions." *King v. State*, 230 Ga. 581 (1) (198 SE2d 305) (1973). The limitations to be

placed on such questioning "must inevitably lie largely within the sound discretion of the trial court, and the appellate courts should not interfere with the exercise of that discretion unless it is shown to have been manifestly abused." *White v. State,* 230 Ga. 327 (5-a), 337 (196 SE2d 849) (1973). Where error is committed by the court by such an abuse of discretion it must further be shown that prejudice resulted, either in the defendant being in some way injured or in some advantage accruing to the state. *Geiger v. State,* 129 Ga. App. 488, 495 (199 SE2d 861) (1973).

These rules must be applied to the following situation: After the usual voir dire questions and individual examination of the jurors had taken place, resulting in one disqualification, the traverse jury was chosen and sworn. The following morning, prior to the commencement of the trial, defense counsel was served by the state with a supplemental list of witnesses. Called upon to justify this action, the district attorney stated in his place that as to one witness (a bank cashier) he had just received information that one of the money orders which he presumed to be uncashed had in fact been cashed by her; one of two other witnesses (the D.A. did not know which) was presumed to have cashed another money order; a fourth witness was, according to late news, returning to Georgia from another state and a fifth was employed in the district attorney's office. The case was continued through the following day to give counsel an opportunity to interview these individuals and went to trial the next day, the court refusing the motion of defendant's counsel to allow him to "re-exercise his discretionary challenges" of the jurors following voir dire and individual examination. The thrust of the motion seems to have been that defense counsel wanted to "qualify" the jury as to the additional witnesses. Only two of the five named eventually testified. One was a bank teller who identified one of the money orders as having been cashed by her, but did not recognize the defendant or remember the transaction. The other witness testified that he was acquainted with the defendant, that he sold him an automobile, that the defendant was paying him at the rate of $100 per month, and that Griffeth mailed him a money order which he deposited and on which payment was stopped. This money order was proved by other evidence to be written on one of the stolen order forms.

Thus, the two witnesses not included on the original witness list who actually testified limited their testimony to the circumstances surrounding the cashing of two of the stolen (and forged) money orders. There is no slightest suggestion that their presence at the trial would have caused any juror to become prejudiced, unfair, or otherwise disqualified. We find no abuse of

discretion, but, if any occurred, there is no suggestion that it influenced the verdict. This enumeration of error lacks substance.

2. Citing *State v. Chambers,* 240 Ga. 76 (239 SE2d 324) (1977) the defendant contends that his motion for mistrial was erroneously overruled when, responding to a question regarding viewing a photograph, the witness volunteered: "I went down on a Saturday morning. . . and I had to go back Monday for a polygraph to make sure. . ." when he was interrupted. Had there been, as contended, any prejudice resulting from this phrase, it was certainly cured by counsel for the defendant who, on cross examination, asked the witness: "Have you taken a polygraph examination in connection with this case?" to which the latter replied in the negative.

3. (a) Code § 26-506 (a) establishes that a crime proved by the same or less than all the facts required to prove the offense charged is a lesser included crime as a matter of *fact,* whereas under Code § 26-506 (b) a crime charging a less serious risk or injury to the same person, property, or public interest is a lesser included offense as a matter of *law. State v. Estevez,* 232 Ga. 316, 319 (206 SE2d 475) (1974). Under Code § 26-1902 armed robbery includes the use of an offensive weapon; robbery by intimidation is a lesser included offense of this crime. "Where as in the present case, the evidence authorized a conviction of armed robbery as defined in Còde Ann. § 26-1902, but did not authorize a conviction of the lesser offense of robbery by intimidation, it is not error to fail to charge upon the lesser offense." *Hill v. State,* 229 Ga. 307, 308 (191 SE2d 58) (1972). (In *Holcomb v. State,* 230 Ga. 525, 527 (198 SE2d 179) (1973) the language was intensified from "not authorize" to "not demand" but that case does not involve a request to charge). The only eyewitness here, the victim of a Majik Market holdup, gave a detailed description of the bandit and of the revolver with which the witness testified that he was held up and robbed. There is no evidence, and the jury would have had no reason to believe, that he was persuaded to part with the cash and blank money orders other than by having a pistol pointed at him. This is true whether or not the revolver produced on the trial as having been taken from the defendant's apartment was the same firearm which the defendant used in the holdup. It was not error to fail to charge a request on robbery by intimidation since such charge is unsupported by evidence.

(b) The court also properly refused a request to charge theft by receiving stolen goods as a lesser included offense. Certain money orders introduced in evidence were identified as being on the forms stolen during the armed robbery. Since nothing in the evidence suggests that the defendant would have acquired the identified money orders in any other way than as testified to by the witness,

and since in the absence of such evidence there is no constitutional or statutory bar to treating the offenses as separate and distinct (*State v. Bolton,* 144 Ga. App. 797 (2) (242 SE2d 378) (1978)) it was also proper for the trial court to refuse a requested charge on theft by receiving as a lesser included crime.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

Submitted April 7, 1980 — Decided May 16, 1980.

*C. P. Brackett, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.