## 61842. GLASS v. THE STATE.

DEEN, Presiding Judge.

The only error enumerated on this armed robbery appeal is that the in-court identification of the defendant by the victim was tainted by a previous show-up and photographs.

The testimony is positive and ample. The defendant entered the lighted motel, spoke to the manager, and said he wanted a room. He then searched his pocket, stated he had lost his money, went out the door and returned in about 20 minutes with the statement that he had found it. The witness recognized him immediately on his return. He stood about five feet from her. He then placed a hand in his pocket, demanded money, and threatened to shoot. Upon receiving the money he left in an automobile which had been observed by other witnesses and was immediately identified as that of the defendant's mother. It was located in less than a half hour, had been recently driven, and the defendant's mother stated that the defendant had been out driving it. The defendant was arrested and returned to the motel within the hour. The witness immediately recognized him as the person who had robbed her that evening. He fit the description which she had previously given the officers.

The following day the witness was shown pictures of nine young black males. The pictures were all taken in the same room, but that of the defendant differed from the others in three respects: it was taken from a lesser distance away; all subjects except the defendant were wearing shirts, and the wall behind the suspect differed from the wall against which all other subjects had been posed. It is true that these distinctions raise a very real question of whether, consciously or not, the photograph was so "coded" as to suggest one picture over the others. In this regard counsel cites us to the excellent article, "The Neglected Dimension in Eye-Witness Identification," 4 Criminal Defense No. 3, p. 5, May-June, 1977. However, in view of the three occasions in which the witness had seen the defendant within approximately one hour, her positive description and identification at the time, and the strong corroborative evidence, we cannot hold any reasonable doubt to have been raised against the in-court identification by the fact that the witness had viewed the photographs in the meantime and had at that time also made immediate and positive identification. She further testified that she recognized the photograph of the defendant by the facial likeness and was not influenced by any difference in background or other details.

We adopt and are bound by the rule stated in Neil v. Biggers, 409 U. S. 188 (34 LE2d 401, 93 SC 375) (1972). The primary evil to be avoided in a showup, or other out-of-court identification is the

substantial likelihood of irreparable misidentification. If the method used appears unnecessarily suggestive, the totality of circumstances must be examined to determine whether the identification was reliable even though the confrontation was suggestive. The factors to be considered "include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." Id., p. 199. Using this yardstick it is clear that the in-court identification was properly admitted in evidence. To the same effect see *Payne v. State,* 233 Ga. 294 (210 SE2d 775) (1974); *Cheeves v. State,* 157 Ga. App. 566 (1981).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MAY 5, 1981.

*Steven E. Fanning,* for appellant.
*Arthur E. Mallory III, District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.