## 63144. BROWN v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of armed robbery.

1. In related enumerations of error appellant asserts that the trial court erred in denying his motion to suppress photographic and line-up identification evidence and testimony concerning that identification.

"[A] pre-indictment photographic identification does not require the presence of counsel. There is no established constitutional right to counsel at an out of court photographic identification where the defendant is not present. [Cit.] Similarly, there is no right to have counsel present when an identifying photograph is taken." *Dodd v. State,* 236 Ga. 572, 574 (224 SE2d 408) (1976). Likewise, "[a] defendant does not have the right to counsel at a pre-indictment lineup. [Cit.]" *Key v. State,* 146 Ga. App. 536, 537 (5) (246 SE2d 723) (1978). We find no error for any reason urged on appeal in the manner in which the identification procedures were conducted in the absence of counsel. See *Reese v. State,* 145 Ga. App. 453 (243 SE2d 650) (1978).

On the night of the robbery, the victim was shown a photographic display containing approximately 125 or 130 photographs. Appellant's photograph was not among those shown to the victim and she was unable to identify anyone in the photographs as the perpetrator of the crime. Subsequently, however, appellant's photograph was added to the display and the victim was asked to look at the photographs again and was told that they weren't "the same" as when she had viewed them previously. On this occasion the victim picked out appellant's photograph as being that of the robber. Appellant does not assert that the broad ranged display itself was "impermissibly suggestive" but contends that the mere addition of his photograph and the advice to the victim that the display was not "the same" constituted an impermissibly suggestive procedure. However, the victim herself testified that when she was shown the display for the second time "there were a bunch of pictures in it that weren't in it the night" she had first viewed the display. It is thus clear that the inclusion of appellant's photograph in the display and the officer's statement that it was "not the same" as when she had viewed it earlier did not render the otherwise proper identification procedure impermissibly suggestive. See *Caylor v. State,* 155 Ga. App. 489, 490 (1) (270 SE2d 924) (1980).

Furthermore, even assuming that the pre-trial identification procedures were impermissibly suggestive, under the "totality of the circumstances" the trial court did not err in admitting the victim's

identification testimony at trial. See *Eiland v. State,* 246 Ga. 112, 113 (1) (268 SE2d 922) (1980); *Smith v. State,* 239 Ga. 744 (238 SE2d 884) (1977); *Lynch v. State,* 158 Ga. App. 643 (281 SE2d 640) (1981); *Glass v. State,* 158 Ga. App. 475 (280 SE2d 883).

2. Appellant enumerates as error the failure to grant his motions for a continuance and mistrial under the following circumstances: On the morning of jury selection, after the voir dire of the first panel but before the voir dire of the second, defense counsel was served with an amended list of state's witnesses which contained a new name. The assistant district attorney stated that he had been unaware of the newly listed witness until that very morning. Defense counsel moved for a continuance. The trial court instructed the assistant district attorney to have the newly listed witness brought to the courthouse in order that he could be interviewed by defense counsel. Defense counsel was in fact afforded the opportunity to interview the new witness and, on the following day, the trial commenced. Defense counsel did not renew the motion for a continuance at that time and the witness testified during the trial without objection. We find no error in this procedure. See *Legare v. State,* 243 Ga. 744, 749 (8) (257 SE2d 247) (1979); *Lakes v. State,* 244 Ga. 217 (259 SE2d 469) (1979); *Cates v. State,* 245 Ga. 30, 34 (3) (262 SE2d 796) (1980); *Butler v. State,* 139 Ga. App. 92 (1) (227 SE2d 889) (1976). If defense counsel felt that the opportunity afforded him to interview the witness was inadequate, he should have renewed the motion for a continuance. See *Twisdale v. Georgia R. Bank &c. Co.,* 129 Ga. App. 18, 22 (2) (198 SE2d 396) (1973). See also *Miller v. State,* 145 Ga. App. 653, 654 (2) (244 SE2d 608) (1978).

At the end of the trial and only after the state had rested its case, appellant moved for a mistrial, contending that he was not afforded the opportunity to question and qualify the first jury panel as to the state's new witness. The motion was overruled. Appellant could and should have moved to "requalify" the first panel under the circumstances. See *Griffeth v. State,* 154 Ga. App. 643 (1) (269 SE2d 501) (1980). It was not error to refuse to grant a mistrial at the close of the case premised upon what was, in effect, a right appellant waived at the outset. See *McKenzie v. State,* 248 Ga. 294, 298 (15) (282 SE2d 95) (1981). Furthermore, there is not the slightest suggestion that the state's new witness would have caused any juror to become disqualified. *Griffeth,* 154 Ga. App. 643, supra. Accordingly, this enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

Decided March 5, 1982 — Rehearing denied March 18, 1982.

*Kit Barron Bradshaw,* for appellant.
*Darrell Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellee.