## 65035. JOHNSON v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted separately but was tried jointly with another for the offense of rape. He was convicted and sentenced to serve a sentence of seven years, two years in a penal institution, with the remaining five years on probation to begin immediately upon his release from the penal institution. Defendant appeals. *Held:*

1. Defendant's first enumeration of error is based upon an alleged restriction as to evidence of past sexual behavior of the complaining witness under the so-called rape shield law (Code Ann. § 38-202.1 (Ga. L. 1976, p. 741)). In the case sub judice the defendant testified that "I didn't have nothing to do with it" and that he did not have intercourse with the complaining witness that night, but admitted that he was aware of others involved in the sexual misconduct involving the complaining witness. Upon examination of the record, however, we find that all witnesses presented for this purpose, including the defendant, were allowed to testify with reference to the past sexual behavior of the complaining witness, and the issue of consent was never raised as a defense, the defendant claiming he did not have sexual intercourse with her that night. We find no merit in this complaint.

2. Defendant next complains that the state was allowed to introduce the testimony of a witness whose name was not disclosed to defense counsel after timely motion for such disclosure and that this witness' testimony should be excluded. At the beginning of the trial the assistant district attorney advised that there was a witness who was not disclosed to the defense who was needed as a connecting link in the chain of custody of a so-called rape kit transmitted to the crime laboratory. The state, having properly disclosed the witness and his testimony at the earliest possible time and no request having been made for continuance of any kind, we do not find this enumeration of error as meritorious and particularly so since the court clearly considered same to be newly discovered evidence. *Savage v. State,* 152 Ga. App. 392, 394 (4) (263 SE2d 218); *Davis v. State,* 135 Ga. App. 203, 206-207 (3) (217 SE2d 343).

3. During the charge the court instructed the jury with reference to parties to a crime as set forth in Code Ann. § 26-801 (Ga. L. 1968, pp. 1249, 1271). Here there was ample evidence to authorize such a charge since there was evidence connecting the defendant up to a commission of the offense of rape perpetrated by several other males on the occasion in question and this evidence disclosed that he did aid, abet and procure others with reference to the rape of the victim. See *Hendrix v. State,* 239 Ga. 507, 508 (2) (238 SE2d 56); see also

*Burke v. State,* 234 Ga. 512, 513-514 (216 SE2d 812). There is no merit in this complaint.

4. The remaining enumeration of error complains that the trial court failed to instruct the jury as to assault and battery where there was a timely request for such instruction made in writing. Here, however, the evidence shows clearly that the offense of rape was completed. The evidence here did not show an assault and battery, and the trial court correctly declined to give defendant's request to charge the lesser offense in its instructions to the jury. See *Ward v. State,* 231 Ga. 484, 485 (202 SE2d 421); *Robinson v. State,* 232 Ga. 123, 129 (4) (205 SE2d 210).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JANUARY 14, 1983.

*William J. Murray,* for appellant.
*John R. Parks, District Attorney, R. Rucker Smith, Assistant District Attorney,* for appellee.