## 67749. BROOKS v. THE STATE.

Sognier, Judge.

Appellant was convicted of two counts of rape, aggravated sodomy, attempted aggravated sodomy, robbery, and aggravated assault. On appeal he contends the trial court erred (1) by denying his motion to suppress evidence relating to a test of appellant's saliva; (2) by excluding certain of appellant's work records; and (3) by denying his motion to record closing arguments of counsel.

1. Appellant contends it was error to obtain a saliva sample from appellant without notification to counsel, who had been appointed prior to the time the sample was taken. The state acknowledges that the procedure used by police to obtain the sample was error, but argues that under the facts of this case the error was harmless. We agree.

Appellant attacked three women near South DeKalb Mall in separate incidents, each involving the same method of attack. Each victim positively identified appellant as the person who attacked them. An eyewitness to the first attack also positively identified appellant as the attacker. Further, appellant signed written confessions to all three incidents.

Admissible evidence was already before the court that appellant had type A blood. The only additional information shown by the saliva test was that appellant was a (blood) type A secreter; the lab expert testified that 36% of the population are type A secreters.

Under the circumstances any error in admitting evidence relating to the saliva test would be harmless, because the evidence against appellant was overwhelming and it was highly probable that any erroneous admission of testimony did not contribute to the judgment in this case. *Hamilton v. State*, 239 Ga. 72, 76 (235 SE2d 515) (1977).

2. Appellant contends it was error to exclude time sheets from his employer to support appellant's defense of alibi that he was at work when the first victim was attacked shortly after 6:00 a.m. Pretermitting the question of whether the time sheets were admissible as business records, appellant was identified positively as the attacker by the victim and a witness who was passing by. As stated in Division 1, appellant made a written confession to this offense. Further, a defense witness testified that a person could go by bus and

train from the scene of the attack to appellant's place of work in 54 minutes. Thus, the defense evidence itself established that appellant could have attacked the victim, taken the bus and train, and arrived at work by 7:30 a.m., his starting time. In the face of the overwhelming evidence of appellant's guilt, including his confession, any error in refusing to admit the time sheet was harmless. *Hamilton*, supra.

3. Appellant contends the trial court erred by refusing his request to have the closing arguments of counsel recorded and transcribed. This enumeration of error is without merit.

OCGA § 17-8-5 provides that on the trial of all felonies the court reporter shall record the testimony and proceedings in the case, "except the argument of counsel." The same argument raised by appellant has been decided adversely to him by our Supreme Court. *Brown v. State*, 242 Ga. 602 (2) (250 SE2d 491) (1978). See also *Graham v. State*, 153 Ga. App. 658, 659 (266 SE2d 316) (1980). Lastly, we note that the trial judge agreed to record any statement of the prosecutor objected to by appellant, including the objection, so the record would be completely accurate. Appellant made no objections and alleges no harm or prejudice. Thus, there was no error.

*Judgment affirmed. McMurray, C. J., concurs. Deen, P. J., concurs specially.*

DECIDED MAY 22, 1984.

*John O. Ellis, Jr., Lawrence L. Schneider*, for appellant.
*Robert E. Wilson, District Attorney, Michael M. Sheffield, Assistant District Attorney*, for appellee.

DEEN, Presiding Judge, concurring specially.

While agreeing with Divisions 2 and 3 of the majority opinion, additional observations should be made as to Division 1.

The majority opinion points out that evidence was before the trial court that appellant had Type A blood; that based upon a saliva test, the appellant was a secreter; and that at trial an expert had indicated that 36% of the population are Type A secreters.

A police officer testified that the procedure for obtaining saliva was to require a suspect to chew on a rubber band or ice, which would generate saliva. The suspect would then spit into a plastic container, and the collected saliva would then be tested as soon as possible to determine whether it contained blood antigens. The expert explained that only a "secreter" released blood antigens in all his or her bodily fluids. This expert testimony, presented as statistical probability, along with the evidence that appellant had Type A blood and was a secreter, served to include the appellant in the reduced percentage of population that could have possibly committed the rape.

While matters of statistical and mathematical probability, and expert evidence, may be used, care must be observed in laying a proper foundation when estimates are used. " 'We hold that mathematical odds are not admissible as evidence to identify a defendant in a criminal proceeding *so long as the odds are based on estimates, the validity of which have [sic] not been demonstrated.' " *Graham v. State*, 168 Ga. App. 23, 27 (308 SE2d 413) (1983).

When in doubt, evidence ordinarily should be admitted for consideration by the jury, yet these observations are made to emphasize the caution with which the courts should greet such presentations of statistical probability in criminal proceedings. Nevertheless, because the other, conventional evidence as to the appellant's guilt was overwhelming in this case, I agree with the majority that the admissions of the evidence could not have contributed to the verdict.