68465. SKRINE v. THE STATE.
(323 SE2d 693)

BENHAM, Judge.

This appeal is from appellant's conviction of rape and aggravated sodomy.

1. Appellant contends in his first enumeration of error that the evidence at trial was not sufficient to support the verdict. The victim testified that appellant forced her into a deserted area near her home, slapped her, committed an act of oral sex on her, and raped her. Her testimony was corroborated by that of her mother and her aunt, to whom she made an immediate outcry, and by the testimony of the doctor who examined her shortly after the incident. The police officer who took the victim's statement and noticed grass in her hair and a handprint on her face also testified, further corroborating the victim's testimony. The evidence was sufficient for a rational trier of fact to find that appellant was guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Furlow v.*

*State*, 165 Ga. App. 225 (299 SE2d 910) (1983).

2. Appellant's second enumeration is directed at the trial court's ruling that the victim's in-court identification of appellant was not tainted by pre-trial identification procedures. Testimony at trial established that, for the purpose of helping to prepare a composite drawing, the victim was shown photographs of persons with physical characteristics similar to the description she had given to the investigating officer. From those photographs, she singled out one as looking like the man who raped her. That photograph was of appellant. A newer picture of appellant was then used in a photographic lineup. The victim identified appellant then and at every subsequent opportunity as her assailant. There is nothing in the testimony of the victim, the investigating officer, or the police artist to indicate that the victim's finding of appellant's picture among those given to her to help develop a composite drawing was anything but fortuitous. Under those circumstances, we agree with the trial court that there was nothing impermissibly suggestive about the procedure used to identify appellant. That being so, there was no error in permitting the identification testimony. *Brown v. State*, 161 Ga. App. 729 (1) (288 SE2d 866) (1982).

3. Appellant's final enumeration of error deals with two witnesses who were permitted to testify even though their names did not appear on the list of witnesses on the indictment. Defense counsel admitted at trial that he had been informed about one of the witnesses. The prosecuting attorney stated that the name of the other witness had been discovered since the list of witnesses on the indictment was supplied to appellant. Counsel made no further objection to the receipt of the testimony, made no request for an opportunity to interview the witnesses, and made no request for a recess. Since no harm has been shown to have resulted from the allowance of that testimony, it supplies no cause for reversal. *Johnson v. State*, 165 Ga. App. 132 (2) (299 SE2d 416) (1983).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 1, 1984.

*Daniel B. Kane*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys*, for appellee.