### 69009. PERRY v. THE STATE.
(327 SE2d 527)

POPE, Judge.

The appellant Isham Edward Perry was indicted and tried with co-defendant Wayne T. Barton for the offenses of kidnapping and armed robbery. The jury convicted both men of each offense; Perry was sentenced to serve 20 years and 15 years respectively with the sentences to run consecutively.

1. Perry first enumerates as error the trial court's admission of testimony regarding a photographic line-up. Perry contends that the line-up was impermissibly suggestive because his photograph and that of his co-defendant showed a height chart in the background while the remainder of the 12 photographs in the line-up showed no such chart. We find no merit in this enumeration. The victim testified that she saw Perry at the motel before she was kidnapped for a period of 30 seconds to a minute, and saw him again at the bridge where his co-defendant Barton had taken her. Throughout the proceedings, the victim maintained confidence in her identification. Under the totality of circumstances, we find no error. See *Eiland v. State,* 246 Ga. 112 (1) (268 SE2d 922) (1980).

2. We likewise find no error in the admission of testimony regarding a stand-up line-up. Perry asserts this was impermissibly sug-

gestive because the victim had viewed the photographic line-up less than one-half hour before the stand-up line-up and that Perry and Barton were the only ones included in both line-ups. In addition, Perry argues that the testimony of the line-up should have been excluded because his attorney was not present. In the total circumstances of the case, as set out in Division 1, these contentions are wholly without merit. See *Brown v. State*, 161 Ga. App. 729 (1) (288 SE2d 866) (1982); *Reese v. State*, 145 Ga. App. 453 (2) (243 SE2d 650) (1978).

3. Perry argues the trial court erred in not severing his trial from that of Barton because their defenses were antagonistic. This is the third factor set out in *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975), to be considered by a trial court in a motion to sever. Perry contends his defense was obviously antagonistic to that of Barton's because he denied any participation in the crime while Barton's defense was alibi. On a factual situation very similar to that in the present case, the court in *Cain* went on to say, "The mere fact that co-defendants' defenses are antagonistic is not sufficient in itself to warrant separate trials. [Cit.] A showing of harm is necessary. [Cit.]" Id. at 129. No such showing is manifest here. Perry's co-defendant testified and was cross-examined by counsel for Perry. Proper cautionary instructions to the jury were given. We find no abuse of discretion. See also *Stephens v. State*, 170 Ga. App. 267 (1) (316 SE2d 847) (1984); *House v. State*, 170 Ga. App. 88 (4) (316 SE2d 483) (1984).

4. In enumerations 4 and 5 Perry argues that the court below erred in allowing the State to impeach him by proof of a prior conviction. It is Perry's contention that the prior conviction, obtained in Tennessee, was a misdemeanor under Tennessee law and thus could not be used to impeach him. The State counters that the crime in question was larceny, which is a felony involving moral turpitude in this state, and thus is proper to use as impeachment. The determining factor on whether a prior conviction may be used to impeach a witness is not whether the crime was denoted a felony or a misdemeanor, but whether it was a crime of moral turpitude or not. The general rule recognized in this state is that a witness may be impeached by proof of conviction of a crime if the crime was a felony or a misdemeanor involving moral turpitude. See *Lewis v. State*, 243 Ga. 443, 446 (254 SE2d 830) (1979). Larceny has been held to be a crime of moral turpitude. *Georgia R. v. Homer*, 73 Ga. 251 (5) (1884). Therefore, it was not error to admit the prior conviction in Tennessee for larceny to impeach Perry. It follows that the charge on impeachment by prior conviction was not error.

5. Nor was error committed by the trial court in overruling Perry's motion for a new trial based upon newly discovered evidence.

The evidence adduced was an affidavit by co-defendant Barton recanting his trial testimony and taking full responsibility for the crime and absolving Perry of any connection to the crime. At trial, Barton had denied that he or Perry committed any offense. The newly discovered evidence offered by Perry does not meet the standard set out in *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980). The court in *Timberlake* held that all six parts of the test must be met to secure a new trial on the ground of newly discovered evidence. The sixth requirement is that a new trial is not warranted if the only effect of the evidence would be to impeach the credit of a witness. Obviously, the effect of Barton's post-trial affidavit is to impeach his trial testimony. Therefore, the trial court did not abuse its discretion in denying the motion for new trial. See *Stroud v. State*, 247 Ga. 395 (276 SE2d 597) (1981).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 26, 1985.

*Karla G. Gothard*, for appellant.
*David L. Lomenick, Jr.*, District Attorney, *Roland L. Enloe*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, for appellee.