## 70997. WITHERSPOON et al. v. THE STATE.
(339 SE2d 737)

POPE, Judge.

Thomas Milton Witherspoon IV and Kenneth Ray Robinson bring this appeal from their convictions of burglary. *Held:*

Appellants' sole enumeration of error challenges the trial court's refusal to allow the impeachment of a State's witness, the victim in this case, by proof of her conviction of two misdemeanor theft charges. It is well settled in this state that a witness may be impeached by proof of conviction of a misdemeanor if it appears that such offense was one involving moral turpitude. See *Howard v. State*, 144 Ga. 169 (2a) (86 SE 540) (1915); *Andrews v. State*, 118 Ga. 1 (3) (43 SE 852) (1903). See also Green, Ga. Law of Evidence (2nd ed.), § 139. "Larceny [or theft] is a *crimen falsi*, and the record of a conviction for larceny is admissible to discredit a witness."[1] *Georgia R. v.*

---

[1] "Crimen falsi" is defined as "any . . . offense which involves some element of deceitfulness, untruthfulness, or falsification bearing on a witness' propensity to testify truthfully." Black's Law Dictionary (5th ed.) at 335. It follows that such an offense is also one involving moral turpitude, defined in *Ramsey v. State*, 145 Ga. App. 60 (4) (243 SE2d 555), rev'd on other grounds, 241 Ga. 426 (246 SE2d 190) (1978), as "an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow man, or to society in general, contrary to the accepted and customary rule of right and duty between man and man." (Citations and punctuation omitted.) Id. at 62.

*Homer,* 73 Ga. 251 (5) (1885). Accordingly, the trial court erred in refusing to admit proof of the victim's misdemeanor theft convictions. See *Coleman v. State,* 94 Ga. 85 (21 SE 124) (1894); *Perry v. State,* 173 Ga. App. 541 (4) (327 SE2d 527) (1985); accord *Kaminsky v. Blackshear,* 108 Ga. App. 492 (4) (133 SE2d 441) (1963). See also *Sheffield v. Hammond,* 41 Ga. App. 76 (1) (151 SE 663) (1930). Nevertheless, viewed most favorably to the State, the record evidence of appellants' guilt, including an eyewitness account of the crime, is substantial. We find it highly probable that this error did not contribute to appellants' convictions, for the victim's testimony simply established the occurrence of the burglary; she was asleep at the time of the crime and did not know the identity of the perpetrator(s). Appellants' enumeration of error thus presents no ground for reversal. See *Brooks v. State,* 171 Ga. App. 55 (1) (318 SE2d 785) (1984); *Riceman v. State,* 166 Ga. App. 825 (3) (305 SE2d 595) (1983). See generally *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741) (1966).

*Judgments affirmed. Deen, P. J., concurs and also concurs specially. Beasley, J., concurs in the judgment only.*

DEEN, Presiding Judge, concurring specially.

While concurring fully with all that is said in the majority opinion, it should be added that the recent whole court case of *Norley v. State,* 170 Ga. App. 249, 253 (316 SE2d 808) (1984) is also consistent with the expressions made.

DECIDED JANUARY 7, 1986.

*Earl A. Davidson,* for appellants.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Jerry W. Baxter, Assistant District Attorneys,* for appellee.