CASE 41—INDICTMENT—APRIL 27.

# Riley v. Commonwealth.

APPEAL FROM CAMPBELL CIRCUIT COURT.

1. INSTRUCTION AS TO SELF-DEFENSE.—Upon a trial for murder, there being no testimony tending to show that the accused sought or provoked the difficulty, it was error to give any instruction upon that hypothesis. But even if the evidence authorized an instruction of that character, it was misleading to tell the jury they could not acquit upon the ground of self-defense, if they believed "from all the evidence," that immediately before the shooting "the defendant, by his own wrongful acts then and there done by him," gave the deceased reasonable grounds to believe that his life was in danger, as the instruction intimates that defendant's acts were wrongful; and, besides, requires the jury to believe only from a preponderance of the evidence, and not to the exclusion of a reasonable doubt, the facts that are said to be sufficient to deprive defendant of the right of self-defense.

2. SAME.—The court properly refused an instruction to the jury on the subject of defendant's right to pursue the deceased, as the testimony does not, in fact, show pursuit.

3. SAME.—The evidence did not authorize an instruction requiring defendant to seek some "reasonable means of escape from the impending peril" before using the necessary or apparently necessary means at hand to protect himself.

4. EVIDENCE.—As the defendant had been informed of threatening language used by deceased, and there was some proof tending to show the deceased had, in anger, sought him, and the Commonwealth was allowed to show that deceased had no pistol on his person at the time of the killing, it was competent for defendant to show that deceased was a man of violent temper, and was in the habit of carrying concealed weapons just prior to the shooting.

Riley v. Commonwealth.

5. ·SAME.—Testimony showing the feeling .and mental condition of deceased at or near the time he had a conversation which was brought out by defendant was competent, as it was closely interwoven with that conversation and formed a part of the transaction.

BUTLER HAWKINS FOR APPELLANT.

1. The court erred in qualifying the instruction as to self-defense, as the qualification was not only unsupported by any evidence, but was misleading, in that it assumed that Riley had done an unlawful act.

.2. If the qualification was otherwise proper, it was error not to require the jury to believe *to the exclusion of a reasonable doubt* the facts they were told would be sufficient to deprive defendant of the right of self-defense. (Allen v. Commonwealth, 86 Ky., 642; 10 Ky. Law Rep., 143.)

3. The instruction as to defendant's right to pursue his· adversary should have been given. (1 East, P. C., 271, 273; Holloway v. Commonwealth, 11 Bush, 344; Luby v. Commonwealth, 12 Bush, 1; Suterfield v. Commonwealth, 3 Ky. Law Rep., 474.)

4. The court should have admitted the testimony showing that deceased was a man of violent temper and was in the habit of carrying concealed weapons. (Payne v. Commonwealth, 1 Met., 379.)

.5. Helm should not have been allowed to testify as to the feelings of deceased just after his interview with Blakeley.

NELSON & DESHA, JNO. S. ROEBUCK OF COUNSEL ON SAME SIDE.

W. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

Brief not in record.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Upon an indictment against him for murder, Thomas Riley was convicted of manslaughter and sentenced to confinement in the penitentiary for the term of five years.

On appeal to this court he complains, *first*, of so much of instruction No. 4 as sought to restrict, and .as he alleges, destroy his right of self-defense.

After giving the usual instruction on that subject, the court added this instruction: "If the jury, however, believe from all the evidence, that immediately be-

fore the shooting, the defendant, by his own wrongful acts then and there done by him to the said Chas. J. Jungerman, caused the said Jungerman to believe and give him reasonable ground to, in good faith, believe that the said Jungerman was in immediate danger of losing his life, or of suffering great bodily harm at the hands of said defendant, and that said Jungerman, while so believing, used toward defendant such necessary, or apparently necessary, means as were at hand to protect himself from such impending peril, and in so doing put the defendant in danger or apparent danger, then the defendant may not avail himself of such danger or apparent danger to excuse himself in taking the life of said Jungerman."

Even if this were a case in which an instruction of this character should have been given, the form of it is objectionable and misleading. It clearly intimates, if it does not, in fact, assume, that the acts of the defendant, immediately before the shooting, were "wrongful acts, then and there done by him" to the deceased, and, moreover, the state of case in which he is deprived of the right to defend himself from impending danger, is made to depend on the jury's belief from the evidence, or a preponderance thereof, and not on the evidence to the exclusion of a reasonable doubt. (Allen v. Commonwealth, 86 Ky., 642.)

But this is decidedly not a case in which such an instruction should have been given in any form. There is no evidence whatever to justify it. The defendant did not seek or bring on the difficulty or "provoke" it. So far as the proof on this trial

shows, he committed no act by which he robbed himself of the right of self-defense.

We do not think that, in this case, the instruction asked for by the defendant and refused by the court on the subject of defendant's right to pursue the deceased, should have been given. The testimony does not, in fact, show pursuit. It does appear that the defendant came out of the hallway where he had been violently assaulted and seriously wounded on the head by the deceased after the deceased came out, but after coming out, and before drawing his pistol, he stopped and was standing still when the deceased rushed on him from behind a tree. The whole transaction occupied but a few moments of time.

Nor do we think that this is a case in which the instruction should have been given requiring the defendant to seek some "reasonable means of escape from the impending peril" before using the necessary, or apparently necessary, means at hand to protect himself. The undisputed fact is that the deceased first assaulted the accused with a cane and seriously wounded him. When he became conscious after the blow, he came forward and out of the house, as he had the right to do. It might have occurred to the jury that the instruction required the defendant to flee, or do some equally cowardly act not in keeping with the right of self-defense, and not, in fact, required by any just principle of law.

The defendant complains also because he was not allowed to show the well known habit of deceased as to carrying a pistol just prior to the shooting, and

that his reputation was that of a violent man with an ugly temper. On the authority of Payne v. Commonwealth, 1 Met., 379, we think this testimony was admissible. The deceased had used threatening language toward the defendant, of which he had been informed, and there was some proof tending to show that he had sought him in anger, and the Commonwealth was allowed to show that he had no pistol on his person at the time of the fatal rencounter. In view of all the facts in this case, we think it was competent to show that the deceased was a man of violent temper and was in the habit of carrying concealed weapons just prior to the shooting.

We think that the testimony of Helm, showing the feeling and mental condition of the deceased at or near the time he had the talk with Blakeley, brought out by the defendant, was competent. It was closely interwoven with the Blakeley interview and formed a part of the transaction.

For the error in giving the instructions named and in excluding the testimony indicated, the judgment is reversed, and case remanded with instructions to proceed in accordance with this opinion.