## Bailey v. Commonwealth.

(Decided Jan. 14, 1938.)

ERROL W. DRAFFEN and C. E. RANKIN for appellant.

HUBERT MEREDITH, Attorney General, and JESSE K. LEWIS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The appellant, Oscar Bailey, was indicted and tried in the Mercer circuit court for the murder of Garnett Leonard, convicted of manslaughter, and sentenced to

the penitentiary for a term of sixteen years. He has appealed from that judgment, insisting on a reversal upon the sole ground that the court erred in refusing to permit appellant to testify as to his knowledge of the habit of deceased in going armed or carrying a pistol.

It appears that on the afternoon of July 29, 1937, the appellant and deceased met in a taproom in Harrodsburg, Ky., where a discussion arose between them as to the probable result of the approaching county primary election. The argument resulted in a fist fight between appellant and deceased, and they were separated by the intervention of others present, and the clerk of the taproom requested appellant to leave the room, which he did by a side or rear door, and deceased went in the opposite direction toward the front door, but did not leave the room. Within a short time, estimated by various witnesses at from two to five minutes, appellant returned to the room, entering by the same door through which he had left, and another encounter ensued between him and deceased, in which appellant stabbed deceased with a knife, resulting in his death.

According to the witnesses of the Commonwealth, appellant stabbed deceased under or near the left shoulder without any excuse or reason while he, deceased, was standing talking to others; but, according to the evidence of appellant and some of his witnesses, deceased assaulted appellant in the last encounter, knocking him to the floor and was down on him, striking him in the face and choking him at the time appellant thrust the fatal stab. It is virtually conceded in brief of appellant that as to which theory of the case is correct the evidence is conflicting and was a question for the jury, and the sufficiency of the evidence to sustain the verdict is not questioned.

It was shown by the evidence for the Commonwealth that deceased was not armed, and, apparently, in mitigation of this circumstance, counsel for appellant sought to show by the evidence of appellant that deceased was in the habit of going armed or carrying a pistol. We note the following questions and answers:

"Q. 95. Why did you strike him with that knife? A. I thought he was going to kill me the way he was hitting and choking me.

"Q. 96. Were you afraid of him? A. Sure.

He was a much stronger man than I was. He could whip two like me.

"Q. 97. You said you knew him pretty well? A. Yes sir.

"Q. 98. Tell the jury whether he was armed, or in the habit of going armed? (Counsel for Commonwealth objects; The Court sustains the objection to which ruling defendant excepts, and counsel for defendant avows that the witness, if permitted to answer, would state: 'I know he did.')

"Q. 99. What opportunity did you have for knowing whether or not Mr. Leonard was in the habit of carrying arms, or pistol? (Commonwealth objects; the court sustains the objection to which ruling counsel for defendant excepts and avowed that the witness if permitted to answer the question, would say: 'I know he had them for, I have been with him and seen it.')"

It is strenuously insisted for appellant that the refusal of the court to admit the evidence of appellant sought to be adduced by the above questions was prejudicial error, and to support this contention counsel cites and relies upon various authorities, chief of which is the case of Payne v. Commonwealth, 1 Metc. 370, 58 Ky. 370. That case was not determined upon the particular question here in issue, but it appears that there were two bills of exceptions in that case, and the question arose as to whether or not the court admitted testimony which conduced to show that the man who was killed was "of violent, cruel, and bloodthirsty temper and disposition; that he was in the constant habit of carrying concealed deadly weapons, and was scarcely ever known to be out of his house without them." The issue in that case was whether the evidence indicated above was rejected or admitted upon the trial, but the court did not see fit to determine the question, because the judgment was reversed upon other grounds. However, the court did say in that opinion:

"We are of opinion that the testimony in question was admissible, *in view of all the other proof as presented by this record.*" (Italics ours.)

But what the other proof was tending to render that evidence admissible, the opinion does not show.

Appellant also cites the case of Trabune v. Com-

monwealth, 17 S. W. 186, 187, 13 Ky. Law Rep. 343. But the question in issue in the present case was not presented or determined in that case except by a vague intimation which in the nature of the issue involved in that case was more or less dictum. In that case appellant offered to prove by a number of witnesses that they knew deceased to be a violent and dangerous person, etc., but the court limited such proof to the general reputation of the deceased in that regard. In that opinion it is said:

> "If it be a fact that appellant's personal knowledge of the disposition of the deceased would entitle him to the personal knowledge of others in that regard, as corroborating evidence, he failed to testify that he had such knowledge or information. But it seems to us that the general character of the deceased would furnish sufficient corroborating evidence of such knowledge, and at the same time would presumptively prove such knowledge."

The case of Riley v. Com., 94 Ky. 266, 22 S. W. 222, 15 Ky. Law Rep. 46, is referred to by appellant, but that case seems to come within the category of Payne v. Com., supra. It was held that, in view of all the facts in the case, it was competent to show that the deceased was a man of violent temper and in the habit of carrying concealed weapons *just prior to the shooting.* (Italics ours.)

To the same effect is Kinder v. Com., 263 Ky. 145, 92 S. W. (2d) 8.

In the case at bar appellant did not offer to testify as to the general reputation of deceased, and the questions propounded to him by his counsel did not limit the time of the habit of deceased carrying deadly weapons to the time immediately preceding the homicide; nor was any mention made in the questions of carrying concealed a pistol or other deadly weapon, but only referred to deceased being armed or carrying a pistol, without reference to the manner of such arming or carrying of pistols, and concerning his opportunity to have knowledge of whether or not deceased was in the habit of carrying arms or pistols.

But, be that as it may, it must not be overlooked that appellant did not claim that he stabbed deceased because he thought he had a pistol or that he was at-

tempting to draw a pistol or other weapon. When asked why he struck the deceased with a knife, he said he thought deceased was going to kill him because of the way he was hitting and choking him (meaning with his fists and hands).

It appears to us that, taking into consideration all the evidence of appellant and other circumstances disclosed in the record, the case at bar does not come within the rules of the authorities relied on for appellant, and that the appellant's substantial rights were not prejudiced by the rejection of the offered evidence complained of.

Judgment affirmed.