## Citizens Bank of Morehead v. Hunt et al.

Oct. 3, 1941.

W. B. White and Lewis A. White for appellant.

W. C. Hamilton and James C. Clay for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

This is a second appeal and as the issues raised in the pleadings and the proof heard thereon are set out in detail in the former opinion reported in Citizens Bank of Morehead v. Nickell, 277 Ky. 424, 126 S. W. (2d) 820, we will not repeat them. The verdict on the first trial in favor of the sureties, Nickell and Caudill, amounted to a finding by the jury that the note sued on had been fraudulently raised by the principal maker, Hunt, from $600 to $3,600 after the sureties had signed it. In reversing that judgment the former opinion recited the verdict was so flagrantly against the evidence as to indicate it was the result of passion and prejudice on the part of the jury. As what was there said is now the law of the case, the judgment entered on the second verdict in favor of the sureties must be reversed for the same reason, unless the evidence on the second trial differed materially from that given on the first.

We have read with care the evidence adduced on both trials and there is no material difference in the two bills of evidence, except on the second trial the defendants introduced six witnesses in an attempt to impeach Hunt for truth and veracity. Three of these witnesses, Custer Ramsey, Melvin Hamm and Jack Helwig, testified they had never heard Hunt's reputation discussed within two years before the trial, hence the trial judge held they did not qualify as character witnesses.

Oscar Jackson testified Hunt's reputation was bad, but on cross-examination it developed he had never heard anybody discuss it, and the witness based his testimony largely on the fact that he paid a surety debt for Hunt. Therefore, the trial judge correctly excluded Jackson's testimony.

While the court did not exclude the testimony of Mrs. Beulah Williams as to Hunt's reputation, he should have. On cross-examination she stated she had testified Hunt's reputation for truth and veracity was bad because he did not pay her a note and had not told her the truth. One's general reputation is not what another person may know or think about him, but it is the estimate in which he is held by the people generally with whom he associates and comes in contact with in everyday life. Davenport v. Com., 285 Ky. 628, 148 S. W. (2d) 1054, and authorities therein cited.

Robert Bishop testified he had heard Hunt's reputation discussed and it was bad for truth and veracity. But on cross-examination it developed that this witness had only heard his reputation discussed as to payment of debts; he could not name one person whom he had heard discuss Hunt's reputation for veracity. That a person's general reputation for morality or veracity is bad may be shown only by positive testimony that his neighbors and associates have so spoken of him until such has become a part of his general reputation. It must be proved by affirmative testimony, but one may prove his general reputation for morality and veracity is good by showing that it has never been brought into question. Davenport v. Com., supra.

The defendants failed in their efforts to impeach Hunt and no attack was made upon Davis' reputation. As this is the only particular in which the testimony is different from that heard on the first trial, it is apparent that under the law of the case rule we must again say that the verdict is so flagrantly against the evidence as to indicate that it was the result of passion and prejudice on the part of the jury. The first opinion reversing the judgment for the reason indicated was written March 17, 1939. On January 12, 1940, Nugent et al. v. Nugent's Ex'r, 281 Ky. 263, 135 S. W. (2d) 877, was decided wherein the scintilla rule was abolished and it was there held that where a verdict must be set aside as being palpably and flagrantly

against the evidence the court should not submit the case but should direct a verdict. Under the rule enunciated in this Nugent case, if the evidence is not materially different on another trial, the court should direct a verdict for the plaintiff.

The judgment is reversed for proceedings consistent with this opinion.