## Perkins v. Commonwealth.

October 28, 1949.

Jack E. Fisher, David R. Reed and Roy G. Garrison for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

STANLEY, COMMISSIONER—Affirming.

Leon Perkins appeals from a judgment of conviction of the murder of Henry Smith with a sentence of life imprisonment.

All parties are colored men. The deceased, with two companions, had been to a "tavern" conducted by the father of the defendant in Paducah where there had been some little difficulty which resulted in his being ordered out of the place. The defendant was absent at the time. Later the two men met up on the street and after some words, Perkins shot Smith in the "side of the back."

The appellant contends that he was entitled to a continuance in order that his attorneys might have more time for preparation. The homicide occurred April 3

and witnesses had been heard at the coroner's inquest; the indictment was returned April 19, and the trial set for May 3, when it was called. The defendant had three attorneys and from the number of witnesses who testified, it would appear that any others who might have been discovered by further investigation could have added little or no weight to the defendant's claim of self-defense. We do not regard the showing made sufficient to require that we hold the discretionary action of the court to be an error.

The defendant was asked this question: "State to the jury whether or not you received information or you knew that your man Smith was in the habit of carrying a pistol." An objection was sustained and the defendant's attorney made the following avowal: "If permitted to answer, the witness would state that he knew Smith for a number of years and knew that he carried a pistol and that he had seen him with his pistol and in the house of Arthur Perkins, his father." The avowed answer is not altogether responsive. Had the defendant been asked a question which would have elicited the answer avowed, the court undoubtedly would have held it proper. The defendant made no claim that at the time he shot him Smith drew a pistol or that he believed Smith was going to draw one. As a matter of fact, no weapon was found on his body. An inquiry as to the knowledge of the accused that the person he killed was a man of violence and bad temper and was in the habit of carrying a pistol, was held to be competent in Riley v. Commonwealth, 94 Ky. 266, 22 S. W. 222, 15 Ky. Law Rep. 46. But the case is distinguished in Bailey v. Commonwealth, 271 Ky. 490, 112 S. W. 2d 671. It was there held not to have been a prejudicial error to sustain an objection to a question as to whether the deceased was armed or in the habit of going armed, and the defendant's knowledge of that as a fact, where the defendant did not claim he had stabbed the deceased because he thought he had a pistol or that he was attempting to draw a weapon, but had done so because the man he killed was hitting and choking him. In the present case, the defendant testified that after Smith had cursed him, "then he began trying to circle me and I backed up. He took his right hand out of his pocket and hit out at me and I just sidestepped the blow

and fired." Under these circumstances there was no prejudicial error in sustaining an objection to the question.

The self-defense instruction contains the provision that the defendant "had no other safe or to him apparently safe means of avoiding danger, real or to him apparent except to shoot" etc. The only difference in this and a number of approved instructions is the use of the word "avoid" instead of "avert." We have several times written that "avert" is the better word since "avoid" carries something of an implication of the necessity of retreating. But the distinction is not deemed sufficient to make the use of "avoid" prejudicial. Cook v. Commonwealth, 72 S. W. 283, 24 Ky. Law Rep. 1731; Utterback v. Commonwealth, 59 S. W. 515, 22 Ky. Law Rep. 1011; Hall v. Commonwealth, 242 Ky. 717, 47 S. W. 2d 538; Fields v. Commonwealth, 275 Ky. 136, 120 S. W. 2d 1021.

The bill of exceptions contains extended extracts from the arguments of the prosecuting attorneys. The appellant merely tells us, "Practically all of these lines were incompetent and highly prejudicial to the defendant." We have read all the extracts and must differ with the appellant's view. We find little that can be regarded as improper and nothing that can be regarded prejudicial.

The judgment is affirmed.