Estil. AMOS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 13, 1974.

J. Reid Caudill, Bowling Green, for appellant.

Ed. W. Hancock, Atty. Gen., Kenneth A. Howe, Jr., Asst. Deputy Atty. Gen., William W. Pollard, Legal Intern, Frankfort, for appellee.

STEINFELD, Justice.

Appellant Estil Amos, who shot and killed Marcus Phelps on September 5, 1972, was indicted for wilful murder. KRS 435.010. A jury found him guilty of voluntary manslaughter and fixed his punish-

ment at nine years' imprisonment. Judgment was entered pursuant to that verdict; Amos appeals. We affirm.

Amos, who claimed that he acted in self-defense, testified as to what had happened on the day he killed Phelps. Later, Percy Young, a defense witness, was asked if he knew Phelps' general reputation for peacefulness and quietude. The objection of the Commonwealth was sustained. Amos argues that he had a right to show Phelps' "violent character and reputation."

■ It should be noted that the question related specifically to Phelps' reputation, but because of Amos' argument we will discuss the law on the subject of the admissibility of evidence as to the *character* or the *reputation* of the victim of a homicide. The words "reputation" and "character" are not synonymous and different rules apply to the introduction of evidence on these two subjects. Character means disposition, not reputation, and denotes what a person is, not what he is reputed to be. Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 223, 93 L.Ed. 168 (1948). We said that "One's general reputation is *not what another person may know or think about him, but it is the estimate in which he is held by the people generally with whom he associates and comes in contact with in everyday life.*" Citizens Bank of Morehead v. Hunt, 287 Ky. 646, 154 S.W.2d 730 (1941). Also see 14 C.J.S. Character, pp. 398, 399.

In several cases decided by this court, the admissibility of evidence of the *reputation* or the *character* of the slain person for peace and quietude was considered without differentiating between reputation and character and without indicating the purpose for which the . evidence was offered. See such cases as Tinsley v. Commonwealth, Ky., 495 S.W.2d 776, cert. denied 414 U.S. 1077, 94 S.Ct. 595, 38 L.Ed. 2d 484 (1973); McGill v. Commonwealth, Ky., 365 S.W.2d 470 (1963); Howard v. Commonwealth, 198 Ky. 453, 248 S.W. 1059 (1923); Stacey v. Commonwealth, 189 Ky. 402, 225 S.W. 37, 25 A.L.R. 490 (1920); Morrison v. Commonwealth, 24 Ky.Law Rep. 2493, 74 S.W. 277, 67 L.R.A. 529 (1903); Commonwealth v. Hoskins, 18 Ky.Law Rep. 59, 35 S.W. 284 (1896); Riley v. Commonwealth, 94 Ky. 266, 15 Ky.Law Rep. 46, 22 S.W. 222 (1893); and Payne v. Commonwealth, 1 Met., 58 Ky. 370 (1858).

Various texts have explained that prior knowledge by the accused of the reputation of the victim must be established or evidence is inadmissible to show that the accused acted out of fear based on that reputation. Reputation sometimes has been loosely referred to as "character". See New Kentucky Criminal Law and Procedure, Roberson, 2d Edition, Sec. 489; Wigmore on Evidence, 3rd Edition, Vol. II, Sec. 246; 40 C.J.S. Homicide § 222; 40 Am.Jur.2d, Homicide, Sec. 305; Annotations 64 A.L.R. 1029, 1044, and 1 A.L.R.3d 571, 596.

■ The rule to which we subscribe is that when a defendant who is accused of committing a homicide relies upon self-defense he may show the *reputation* of his claimed aggressor for violence only if he first shows that he was aware of that reputation at the time he claims to have been acting in self-defense. Otherwise it has no bearing on the reasonableness of his act, and it is inadmissible. No evidence was offered to show that Amos knew Phelps' *reputation* before he shot him, therefore excluding the testimony of reputation was not error.

■ There is authority for admitting evidence of the deceased party's actual character, or violent disposition, as bearing on the probabilities as to which party was the aggressor. Cf. Wigmore on Evidence, 3rd Ed., Vol. 1, Sec. 63. However, we need not consider this subject because the question asked the witness Young was directed specifically to the victim's *reputation.*

Amos charges that it was error for the Commonwealth's Attorney to mention matters which were not a part of the record. One reference was that a peace officer, who did not testify, took a hand gun out of Amos' truck. This statement could not have been prejudicial because Amos admitted that he had used a hand gun to shoot Phelps. The second reference was a comment about a statement which Amos had made to several individuals, only one of whom did not testify. Amos' final complaint relates to an alleged conversation he had with the county attorney, which the Commonwealth's Attorney referred to in his argument and to which counsel for Amos successfully objected. There was no request for an admonition. It is our opinion that no reversible error is indicated.

The judgment is affirmed.

All concur.