John RACKLEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

June 14, 1984.

Rehearing Denied Sept. 13, 1984.

Kathleen Kallaher, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., K. Gail Leeco, Asst. Atty. Gen., Frankfort, for appellee.

GANT, Justice.

Appellant was convicted of first degree murder and first degree burglary in Ohio

County, Kentucky. The victim was appellant's aunt, who was 65 years of age, slight of build, and five feet one inch in height. She had been stabbed 13 times and died from external bleeding. Other evidence will be discussed as it pertains to the points raised on this appeal.

■ Appellant first contends that it was error when the court "overruled his motion for funds for additional expert psychiatric evaluation." This is a remarkable argument in light of the fact that he never filed such a motion. The record divulges that, pursuant to court order, the appellant was given a psychiatric evaluation at a regional mental health facility. The examination of the appellant resulted in a report from the psychiatrist, Dr. James Bland, which indicated that the appellant showed no evidence of mental illness, that he was competent to stand trial and assist in his own defense. Appellant moved for further psychiatric examination because the report indicated that the appellant had stated that he had blackout spells when he drank to excess (hardly a rare malady). The further reason given was that the attorney for the appellant felt that his client was "psychologically weak."

It is the observation of this Court that there is an increasing trend in criminal cases to substitute public funds for diligence. There is no showing herein of further questioning of Dr. Bland about any hiatus in his report; the "blackouts" were the diagnosis of the appellant himself, who was certainly equipped to give his attorney any background on that subject. This assertion of error is without merit.

■ Appellant next assigns reversible error to the failure of the trial court to grant continuance for additional preparation to the trial attorney who had represented the appellant for four months prior to trial. There is no showing of manifest injustice or abuse of discretion. *Cf. Perkins v. Commonwealth*, 311 Ky. 304, 223 S.W.2d 997 (1949).

■ The next argument borders on the bizarre. After the appellant's arrest, his car was impounded and taken to a used car lot for storage. An eyewitness who had described an automobile she had seen in the victim's driveway on the night of the murder was taken to the lot and asked if she recognized the vehicle she had observed on that occasion. The witness instantly identified the appellant's car, who now complains that his car was facing in a different direction from the other vehicles and that the only car similar to his on the lot did not have a CB antenna. We are cited numerous cases involving "line-ups" but none requiring a line-up of similar inanimate objects before identification is permitted. This case will not be the first of such cases. The identification was not the result of any suggestive procedure and was properly permitted.

■ During the trial of this action, the administratrix of the victim's estate was permitted to testify concerning the size of her estate (about $70,000) and that appellant's wife would inherit one-sixth thereof under the laws of descent and distribution. Appellant complains this was error, as it was not shown that he knew this fact. We disagree. Although some courts have held that knowledge of a will or of an insurance policy must be shown, we do not find them in point. Intestacy sets into motion a law, not a document. This is a murder case, not a crime in which motive is of no consequence, and reasonable evidence tending to show motive may be introduced. *See* Wharton, *Criminal Evidence*, §§ 175, 176. Additionally, this lack of knowledge objection was raised for the first time on appeal, not at trial. *See Kennedy v. Commonwealth*, Ky., 544 S.W.2d 219 (1977).

■ Appellant next asserts error on the part of the lower court in its failure to give an instruction on first degree manslaughter. In its murder instruction in this case, the trial court parroted the statute by including the words "... and not while acting under the influence of extreme emotional disturbance for which there was a reasonable justification or excuse under the circumstances as he believed them to be." This addition was gratuitous on behalf of

the trial court and not justifiable under the evidence. Had it been justified, the failure of the lower court to give an instruction on first degree manslaughter would indeed have been erroneous. *See Edmonds v. Commonwealth,* Ky., 586 S.W.2d 24, 27 (1979), and *Ratliff v. Commonwealth,* Ky., 567 S.W.2d 307 (1978). However, the sole evidence concerning the circumstances surrounding this homicide came from the appellant's confession, which was introduced into evidence. The appellant did not take the witness stand or present any other version of the case. In the confession, appellant stated that the victim swung an empty, one-gallon plastic jug at him, causing him to become confused. This falls far short of an allegation of emotional disturbance. The case of *Gall v. Commonwealth,* Ky., 607 S.W.2d 97, 109 (1980), is dispositive of this case, the court stating:

> An instruction on murder need not require the jury to find that the defendant was not acting under the influence of extreme emotional disturbance unless there is something in the evidence to suggest that he was, thereby affording room for reasonable doubt in that respect.

 Appellant argues that the lower court erred in sentencing him to life on the capital murder and 20 years for first degree burglary, running these sentences consecutively. We disagree. KRS 532.-110(1)(c) states:

> When multiple sentences of imprisonment are imposed on a defendant for more than one crime ... such multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence, except that:
>
> (c) The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.-080 for the highest class of crime for which any of the sentences is imposed.

An examination of KRS 532.080—the statute providing the exceptions to the unbridled discretion of the trial court—discloses that capital murder cases are specifically excluded from mention. Appellant relies upon *Shannon v. Commonwealth,* Ky., 562 S.W.2d 301 (1978), and *Hendley v. Commonwealth,* Ky., 573 S.W.2d 662 (1978). These cases involve sentences for *non*-capital murder and not capital cases, and thus are not controlling. Inasmuch as discretion is given to the trial court in the absence of the statutory exceptions, we find no error in running these sentences consecutively.

The other allegations of error herein are without merit.

The judgment is affirmed.

All Concur.