## 77556. NELSON v. THE STATE.
### (378 SE2d 186)

McMURRAY, Presiding Judge.

Defendant Nelson appeals his conviction of the offense of aggravated assault. *Held:*

The charge against defendant Nelson arose from a prison altercation. Defendant Nelson, along with Smith, the victim, and Martinez, a co-defendant who was also convicted of aggravated assault, were inmates at the Georgia State Prison in Reidsville.

At trial, Smith testified that Martinez ran up behind him and stabbed him repeatedly. Smith also testified that while Martinez was stabbing him, defendant Nelson had grabbed him and held him, preventing him from escaping or defending himself.

Subsequently, the defense attempted to impeach Smith by proof of his general bad character. While the defense proceeded according to the requirements of OCGA § 24-9-84, the trial court sustained the State's objection to the impeachment attempt. "[A]ny witness, other than an accused, may be discredited by evidence of bad character. . . ." *Beasley v. State*, 168 Ga. App. 255, 256 (1) (308 SE2d 560). It was error to exclude the testimony at issue. *Dent v. State*, 14 Ga. App. 269 (4) (80 SE 548). See *Martinez v. State*, 189 Ga. App. 69 (375 SE2d 123).

*Judgment reversed. Benham, J., concurs. Pope, J., concurs specially.*

POPE, Judge, concurring specially.

I write to express my complete disapproval of the idea that it is proper to use the method of impeachment allowed by OCGA § 24-9-84 in a situation in which the "community" in which the reputation of

bad character is formed is that of a prison housing convicted felons. I do not dissent simply because a separate panel of this court has already reversed the conviction of the co-defendant of appellant (see *Martinez v. State*, 189 Ga. App. 69 (375 SE2d 123) (1988)), and the record shows that the trial judge considered appellant the less culpable of the two men.

Showing bad character by the method set out in OCGA § 24-9-84 necessarily presupposes a community which values the truth and naturally would note the deviation from the community standard in a member of the community who persisted in not telling the truth. A prison population composed of felons does not meet that standard. The law allows those convicted of felonies and other crimes involving moral turpitude to be impeached by proof of conviction. *Perry v. State*, 173 Ga. App. 541 (4) (327 SE2d 527) (1985). This is based upon a belief that people who commit such crimes have set themselves so far from the accepted behavior of society that they are unworthy of belief. Thus, it adds nothing to the search for truth to have one felon say of another "His reputation for veracity is bad." The rules of evidence are formulated to find the truth in the crucible of trial. Each rule must be evaluated in that light. Rote application of OCGA § 24-9-84 in these circumstances adds nothing to that search.

DECIDED FEBRUARY 1, 1989.

*Joel E. Williams, Jr.*, for appellant.

*Dupont K. Cheney, District Attorney, David C. Walker, Assistant District Attorney*, for appellee.