## A97A0459. CLARK v. THE STATE.
### (485 SE2d 543)

JOHNSON, Judge.

Willie James Clark was convicted of rape and child molestation involving an 11-year-old girl. He appeals the judgment entered on the jury's verdict, asserting the trial court erred in denying his motion for a continuance and in granting the state's motion in limine to exclude evidence that the victim had been molested by someone else. Neither of these asserted errors requires a reversal of Clark's conviction.

1. Clark moved the trial court for a continuance in order to secure the appearance of a witness who was out-of-state on the day of trial. Clark suggested at a hearing on the motion for a continuance that the witness, one of the victim's special education teachers, would testify that the victim "talks out, she lies, she attacks others verbally and physically, [and] forges papers." This evidence would have been offered as rebuttal evidence in the event the state introduced evidence tending to bolster the victim's credibility. In denying the motion for a continuance the trial judge noted that the proffered testimony consisted of specific prior acts which would be inadmissible and added that Clark had already been incarcerated for 15 months.

" 'A motion for continuance based on absence of a witness is addressed to the sound discretion of the trial judge and an appellate court will not interfere unless it is clearly shown it has abused its discretion.' [Cit.]" *Jones v. State*, 217 Ga. App. 722, 724 (3) (458 SE2d 894) (1995). Clark argues that the teacher's testimony was material to Clark's defense because she was aware of the victim's reputation in the "classroom community." The general rule is that character evidence is based on a witness' reputation in the community at large. In *Guest v. State*, 201 Ga. App. 506, 508 (2) (411 SE2d 364) (1991), a teacher testified about a victim's general reputation in a school community, but the testimony was introduced without objection. In *Skiver v. State*, 213 Ga. App. 424, 426 (2) (444 SE2d 836) (1994), this Court suggested that a family may not be a "community" for purposes of obtaining reputation for veracity. And in a special concurrence in *Nelson v. State*, 190 Ga. App. 142, 143 (378 SE2d 186) (1989), Judge Pope questioned the value of testimony regarding a witness' reputation for truthfulness in the prison community. "Showing bad character by the method set out in OCGA § 24-9-84 necessarily presupposes a community which values the truth and naturally would note the deviation from the community standard in a member of the community who persisted in not telling the truth." Id. We need not reach whether the evidence proffered by Clark would ultimately have been admissible in this instance but note that the standards of this "classroom community" comprised of students who have been

removed from the general school population because they have been identified by professionals as having special educational needs may not be the community contemplated by OCGA § 24-9-84. Even had the teacher been available to testify, any testimony she may have given regarding the victim's reputation for veracity in this "classroom community," if admissible at all, would have had little probative value.

Clark also argues the trial court abused its discretion in denying a continuance because the witness was under subpoena. See OCGA § 17-8-25. According to Clark's brief, the teacher was served with a subpoena on or about April 10, 1995. The subpoena required her to be prepared to testify "from day to day, week to week." This case went to trial on July 11, 1995. More commonly, the issue before this Court with regard to motions for continuance is whether a subpoena gives enough time to ensure the appearance of a witness, not the reverse. Here, the subpoena did not specify a date for trial, but obligated the witness to be ready to testify at any time in the indefinite future, a period which exceeded three months in this case. We cannot say the trial court abused its discretion in excusing the witness from the requirements of the subpoena and denying the motion for a continuance. See OCGA § 17-8-22; cf. *Teat v. State*, 181 Ga. App. 735 (353 SE2d 535) (1987) (defendant took continuous steps to ensure attendance of material witness at trial).

2. Clark also appeals from the trial court's grant of the state's motion in limine to exclude evidence that the victim had been molested by another man. Clark argues that the primary purpose for the introduction of the evidence was not to undermine the victim's character, but to establish that the victim could have contracted the herpes virus from someone else. After hearing evidence from several witnesses for the state regarding the transmission of the herpes virus, the trial judge changed his ruling and allowed the defense to pursue whether the victim had been infected by someone other than Clark. Because the trial court reversed its initial ruling and allowed appellant's counsel to cross-examine witnesses, including the victim, about molestation by someone other than Clark, the issue is moot and there is nothing for this Court to consider. See *Anderson v. State*, 178 Ga. App. 355 (1) (343 SE2d 411) (1986).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED APRIL 1, 1997.

*Lloyd J. Matthews*, for appellant.

*Tommy K. Floyd, District Attorney, James L. Wright III, Mark S. Daniel, Assistant District Attorneys*, for appellee.