RENDERED: FEBRUARY 20, 2025
TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0457-DG

COMMONWEALTH OF KENTUCKY                          APPELLANT

V.                  ON REVIEW FROM COURT OF APPEALS
NO. 2022-CA-0798
WARREN CIRCUIT COURT NO. 85-CR-00768

CALVIN ANDREW MCKINNEY                      APPELLEE

## OPINION OF THE COURT BY JUSTICE BISIG

## <u>REVERSING</u>

In 1985, Appellee Calvin McKinney brutally robbed and murdered 86-year-old widow Estelle Dixon. The Commonwealth sought the death penalty, and McKinney pled guilty the following year. He received a sentence of life plus 35 years. At the time, this Court had construed KRS[1] 532.110(1)(c) to permit a sentence of life plus a number of years in capital cases. *Rackley v. Commonwealth*, 674 S.W.2d 512, 515 (Ky. 1984). McKinney's sentence was therefore legal at the time it was imposed.

Eight years later, we decided in *Bedell v. Commonwealth*, 870 S.W.2d 779 (1993), that KRS 532.110(1)(c) does not permit a sentence of life plus a

---

[1] Kentucky Revised Statutes.

number of years in any case, capital or non-capital. McKinney now argues *Bedell* should be applied retroactively to his sentence.

The Warren Circuit Court found that *Bedell* does not apply retroactively. The Court of Appeals reversed, holding that *Bedell* applies retroactively to McKinney's sentence. The Commonwealth sought discretionary review, which we granted. Because we conclude that *Bedell* announced a new rule of law and thus does not apply retroactively, we reverse the Court of Appeals and reinstate the judgment and sentence of the Warren Circuit Court.

## FACTUAL AND PROCEDURAL BACKGROUND

In late August 1985, Appellee McKinney broke into the home of 86-year-old widow Estelle Dixon. McKinney was 17 years old at the time. He bludgeoned Estelle repeatedly, causing multiple head injuries, a fractured skull, swelling of the brain, and injuries to her chest, shoulder, and hip. He then cut the phone lines and robbed Estelle of $125 and a 1966 Buick.

Estelle's son discovered her unresponsive and partially disrobed on her kitchen floor. His attempts to contact an ambulance were frustrated by McKinney's cutting of the phone lines. Estelle died from her injuries two days later.

McKinney ultimately pled guilty to charges of murder, robbery, burglary, and theft by unlawful taking, thereby avoiding a potential death penalty. In 1986, the trial court sentenced McKinney to life on the murder charge and to 35 years for the remaining charges, all to run consecutively. McKinney thus received a total sentence of life plus 35 years.

In 1989, McKinney filed an RCr[2] 11.42 motion asserting that his guilty plea was not knowing and voluntary. The Circuit Court denied the motion, and the Court of Appeals affirmed. In 2006, McKinney moved pursuant to CR[3] 60.02 and RCr 11.42 for post-conviction relief, arguing among other things that his sentence should be amended because the U.S. Supreme Court had decided in *Roper v. Simmons*, 543 U.S. 551 (2005), that the death penalty could not be imposed on juvenile offenders. This too the Circuit Court denied, and the Court of Appeals again affirmed.

In 2019, McKinney filed another CR 60.02 motion, this time arguing that *Bedell's* prohibition on sentences of life plus a term of years should be applied retroactively to his case. The Circuit Court denied the motion, concluding that *Bedell* set forth a new rule rather than a mere clarification of the law and therefore does not apply retroactively. *See Leonard v. Commonwealth*, 279 S.W.3d 151, 161 (Ky. 2009) (holding that previous judicial decisions announcing a new rule of law do not apply retroactively to collateral attack proceedings in other criminal cases).

The Court of Appeals reversed. In 2022, the Court of Appeals had held in *Meadows v. Commonwealth*, 648 S.W.3d 701, that *Bedell* did not announce a new rule but rather merely clarified the law, and thus may be applied retroactively. Finding *Meadows* controlling, the Court of Appeals therefore reversed and remanded the case to the Circuit Court to correct McKinney's

---

[2] Rules of Criminal Procedure.

[3] Rules of Civil Procedure.

sentence. The Commonwealth moved for discretionary review, which we granted to consider whether *Bedell* applies retroactively to collateral attack proceedings in other cases.

## ANALYSIS

In 1989, the U.S. Supreme Court held that newly announced federal constitutional "rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane*, 489 U.S. 288, 310. Twenty years later, we adopted this same standard for non-constitutional rules of state criminal procedure. *Leonard*, 279 S.W.3d at 160. Thus, when a new non-constitutional rule of state criminal procedure is announced in the Commonwealth, it does not apply retroactively to any other criminal judgment already final on direct appeal at the time the rule is announced. *Id.* On the other hand, the announcement of a mere clarification of the law, rather than a new rule, may be applied retroactively in other criminal cases even on collateral attack, *i.e.* even in proceedings following finality on direct appeal. *See id.* at 161 (rejecting argument that decision merely clarified the law and thus could be applied retroactively); *Phon v. Commonwealth*, 545 S.W.3d 284, 301 (Ky. 2018) (finding judicial decision could be applied retroactively because it was merely a clarification of the law).

A judicial decision is deemed to announce a new rule—and thus not to have retroactive effect—if the decision's "result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Leonard*, 279 S.W.3d at 161 (quoting *Teague*, 489 U.S. at 301). One obvious circumstance in

4

which a decision's result is not dictated by then-existing precedent is when the decision is directly contrary to such precedent.  In such circumstances, the new decision announces a new rule and does not apply retroactively.

For example, the issue in *Leonard* was whether the defendant could make an ineffective assistance of counsel argument in collateral attack proceedings even though the underlying error had been found on direct appeal not to warrant reversal.  In 1998, this Court had decided in *Sanborn v. Commonwealth*, 975 S.W.2d 905, that "[a]n issue raised and rejected on direct appeal may not be relitigated in [collateral attack] proceedings by claiming that it amounts to ineffective assistance of counsel."  *Leonard*, 279 S.W.3d at 157 (quoting *Sanborn*, 975 S.W.2d at 908-09).  Thus, under *Sanborn* the defendant's argument would not have been permissible.

However, in 2006 we decided in *Martin v. Commonwealth*, 207 S.W.3d 1, that a defendant *could* on collateral attack raise an ineffective assistance of counsel argument premised on an underlying error not found to warrant reversal on direct appeal.  *Id.* at 157.  The defendant in *Leonard* urged that *Martin* clarified the law, and thus should be applied retroactively to allow him to raise an ineffective assistance of counsel argument on collateral attack based on an error found not to warrant reversal on direct appeal.  *Id.* at 159.

We disagreed, concluding that because the decision in *Martin* was not dictated by *Sanborn* or any other then-existing precedent, and in fact contradicted *Sanborn*, *Martin* announced a new rule of law:

5

> The rule in *Martin*, however, was not dictated by . . . any other then existing case law. In fact, [the language used in *Martin*] was contradicted by the *Sanborn* line of cases . . . . Clearly then, *Martin* broke new ground by allowing claims that were procedurally barred under the prior case law. Therefore, this Court can only conclude that instead of "clarifying the law," *Martin* established a new rule.

*Id.* at 161. As such, the defendant in *Leonard* was not entitled to retroactive application of *Martin* in his collateral attack proceedings. *Id.* at 162. The fundamental principle is thus that where a judicial decision is directly contrary to then-existing precedent, it announces a new rule and does not have retroactive effect.

In contrast, we have previously held that when a case is the first judicial interpretation of statutory language, the case clarifies the law and thus may be applied retroactively in other criminal proceedings, even on collateral attack. For example, in *Phon*, the defendant Phon was a juvenile offender sentenced to life without the possibility of parole ("LWOP"). *Phon*, 545 S.W.3d at 288. Later, this Court held in *Shepherd v. Commonwealth*, 251 S.W.3d 309 (2008), that KRS 640.040(1) did not allow an LWOP sentence to be imposed on a juvenile offender. *Id.* at 300. *Shepherd* was the first judicial construction of the relevant statute. *Id.* at 300-01 ("[T]he judicial construction of that statute did not occur until 2008. . . . There was no case law prior to 2008 interpreting the statute differently.").

Phon argued that *Shepherd* merely clarified the law, and thus should be applied retroactively in his collateral attack proceedings. We agreed, our conclusion notably hinging on the fact that the holding in *Shepherd* was the

6

first judicial construction of the statute at issue and thus *not* contrary to any then-existing case law:

> Unlike in *Leonard*, *Shepherd* did not announce a new rule. It was merely a later interpretation of a statute that had been, in relevant portion, unchanged since 1998. *There was no case law prior to 2008 interpreting the statute differently. As such,* we cannot say it was a new rule but was merely, instead a clarification of existing law. Thus, because *Shepherd* was merely a clarification of an already existing statute, that remained in relevant form identical to the version existing at the time of Phon's sentencing, we must apply our legal holding in *Shepherd* retroactively.

*Id.* at 301 (emphasis added). Thus, when taken together, *Leonard* and *Phon* make plain that a judicial decision directly contrary to then-existing precedent announces a new rule of law, while a judicial decision setting forth the Court's first interpretation of a statute merely clarifies the law.

Having laid out our general framework for determining retroactivity, we now turn to consider whether *Bedell* should be applied retroactively. As noted above, this Court determined in *Rackley* in 1984 that KRS 532.110(1)(c) did *not* bar a sentence of life plus a term of years in capital cases. *Rackley*, 674 S.W.2d at 515. This decision remained good law in 1986 when McKinney was sentenced.

However, in 1993 we held in *Bedell* that KRS 532.110(1)(c) *does* bar a sentence of life plus a term of years, even in capital cases, and therefore specifically overruled *Rackley*'s holding to the contrary. *Bedell*, 870 S.W.2d at 783 ("[N]o sentence can be ordered to run consecutively with such a life sentence in any case, capital or non-capital. *Rackley v. Commonwealth* is accordingly overruled in holding otherwise.") (citation omitted). Thus, as in

7

*Leonard*, the decision in *Bedell* was not dictated by then-existing precedent, but rather was directly contrary to—and indeed overruled—then-existing precedent. And, as in *Leonard*, we therefore hold that *Bedell* announced a new rule and thus may not be applied retroactively on collateral attack.[4]

Finally, we are unpersuaded by McKinney's argument that because the statutory language considered in *Rackley* was unchanged when it was re-interpreted in *Bedell*, *Bedell* did not announce a new rule but rather only clarified the law. As noted above, the central consideration is not whether there has been any change in the underlying statutory language, but rather whether the result of the new decision was dictated by then-existing precedent.

Take *Teague* itself, the U.S. Supreme Court case from which we took our retroactivity standards. There, the issue was whether the Sixth Amendment required a petit jury to be composed of a fair cross-section of the community. *Teague*, 489 U.S. at 292. The Court had previously held in *Taylor v. Louisiana*, 419 U.S. 522 (1975), that the Sixth Amendment required jury venires to be drawn from a fair cross-section of the community. However, the *Taylor* Court specifically held that petit juries were *not* subject to any such requirement. *Id.*

---

[4] We noted in *Leonard* that the U.S. Supreme Court recognized two exceptions in which a newly announced rule will nonetheless be allowed to have retroactive effect: 1) when the new rule "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," or 2) when the new rule "requires the observance of those procedures that . . . are implicit in the concept of ordered liberty." *Leonard*, 279 S.W.3d at 159 (quoting *Teague*, 489 U.S. at 307). As this case merely involves the issue of whether a term of years may be imposed in addition to a life sentence, neither exception is applicable here.

8

The *Teague* Court concluded that because *Taylor* held such a requirement did not apply to petit juries, a new rule applying such a requirement to petit juries would not merely clarify the law, but rather would announce a new rule that would not have retroactive effective. *Id.* at 301. Of course, the language of the Sixth Amendment has remained unchanged since it was ratified in 1791, and therefore was also the same when both *Taylor* and *Teague* were decided. Thus, although the underlying language of the controlling authority remained the same, the Court nonetheless found that a new, contradictory interpretation of that same language would constitute a new rule rather than a clarification of the law. As such, we find no merit in McKinney's argument that a judicial decision merely clarifies the law when it overrules a prior decision construing the same statutory language.

As noted above, the Court of Appeals held in *Meadows* that *Bedell* did not announce a new rule but merely clarified the law and thus may be applied retroactively. *Meadows*, 648 S.W.3d at 705. The Court of Appeals reasoned that *Bedell* construed statutory language that had remained the same since the defendant's sentencing, and that *Phon* mandated courts "to retroactively apply a ruling when it consists of merely a clarification of an already existing sentencing statute." *Id.* However, the *Meadows* Court failed to recognize both our holding in *Leonard* that a decision announces a new rule when it contradicts an earlier decision, and the *Phon* Court's careful articulation that the decision at issue there only clarified the law because "[t]here was no case law prior to [it] interpreting the statute differently." *See Leonard*, 279 S.W.3d

9

at 161; *Phon*, 545 S.W.3d at 301.  As noted above, *Bedell* contradicted—and overruled—the then-existing precedent in *Rackley*.  Thus, unlike the decision at issue in *Phon*, *Bedell* announced a new rule.  To the extent *Meadows* holds to the contrary, it is overruled.

In sum, we affirm our prior holdings that cases announcing new non-constitutional rules of state criminal procedure do not apply retroactively to collateral attack proceedings in other criminal cases.  If the case is directly contrary to then-existing precedent, it announces a new rule, even where it construes the same statutory language construed in the prior precedent.

On the other hand, cases that merely clarify the law may be applied retroactively on collateral attack in other criminal cases.  Such circumstances occur where the result of the decision was dictated by then-existing precedent, or where the case constitutes the Court's first effort at interpreting the relevant statutory language at issue.  Accordingly, because *Bedell* was directly contrary to *Rackley*'s prior interpretation of KRS 532.110(1)(c), it announced a new rule and therefore does not have retroactive effect.

## CONCLUSION

For the foregoing reasons, we reverse the decision of the Court of Appeals and reinstate the judgment and sentence of the Warren Circuit Court.

Lambert, C.J.; Bisig, Conley, Goodwine, Keller, Nickell, JJ., sitting.  All concur.  Thompson, J., not sitting.

10

COUNSEL FOR APPELLANT:

Russell M. Coleman
Attorney General of Kentucky

J. Grant Burdette
Assistant Attorney General


COUNSEL FOR APPELLEE:

Laura Karem
Alana Meyer
Assistant Public Advocates